UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL ASHLEY,

              Plaintiff,           Civil Action No. 19-10484
v.                                          Honorable Mark A. Goldsmith
                                                       Magistrate Judge David R. Grand

MARY BOAYUE, *et al.*,

              Defendants.
_____/

**REPORT AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR RECONSIDERATION [10]**

Plaintiff Carl Ashley ("Ashley"), who is incarcerated at Muskegon Correctional Facility ("MCF"), appears *pro se* in this matter, which he commenced on February 15, 2019. In his complaint, Ashley alleges violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983 against numerous defendants whom he alleges were deliberately indifferent to his serious medical needs. **(ECF No. 1, PageID.1-173.)** On March 14, 2019, before any defendant filed a responsive pleading or appeared in the case, the Honorable Mark A. Goldsmith issued an order dismissing some of Ashley's claims. **(ECF No. 6, PageID.186.)**

On April 1, 2019, Ashley filed a motion for reconsideration of this order. **(ECF No. 10, PageID.200-207.)** On July 19, 2019, Judge Goldsmith entered an order referring all pretrial matters in this case to the undersigned under 28 U.S.C. § 636(b)(1)(A) and 28 U.S.C. § 636(b)(1)(B), including Ashley's motion for reconsideration. **(ECF No. 25, PageID.261.)**

**I.     RECOMMENDATION**

For the reasons set forth below, the Court finds that Ashley did not demonstrate a "palpable defect" in the District Court's order of partial dismissal. *See* E.D. Mich. L.R. 7.1(h)(3).

Accordingly, Ashley's motion for reconsideration **(ECF No. 10)** should be **DENIED**.

## II. REPORT

### a. Background

Ashley has bladder cancer and underwent surgery on January 27, 2016, for the removal of his bladder and prostate. **(ECF No. 6, Page.ID 187.)** The University of Michigan discharged Ashley after his surgery with medical supplies to care for his urostomy with ileal conduit. (*Id*.). In addition, a wound care nurse suggested that he wear belt-loop pants rather than the MDOC standard issue elastic waist band pants to allow him to properly situate the urine pouch inside his pants to prevent blockage, which could cause infection. (*Id*.). Ashley's claims arise out of MCF's care of his wound and issuance of proper supplies.

Ashley's original complaint named the following defendants: Mary Boayue, Physician's Assistant; Lana McCarthy, Health Unit Manager; Sirena Landfair, Nurse Supervisor; Subrina Aikens,[1] Registered Nurse; Robyn Harbaugh, Registered Nurse; Shawn Brewer, Warden; Sherry Burt, Warden; David Brazee, Administrative Assistant; Don Spaulding, Business Manager; Kim Schaub, Warehouse Supervisor and Mary Arends, Quartermaster. **(ECF No. 1, PageID.1.)**

In his Complaint, Ashley alleges that Aikens was the Step II respondent for Grievance No. JCF/2016/04/0800/12F3 regarding lack of medical supplies. **(ECF No. 1, PageID.19.)** Specifically, Aikens denied this grievance at Step II stating, "[i]t has been noted that Mr. Ashley was issued Urostomy supplies on 5/26/16 and 5/31/16 – his house was shaken down on 6/9/16, he was found to have 9 extra sets of urostomy supplies, making his claim of lack of urostomy supplies false." **(ECF No. 1, PageID.19, 23.)**

---

[1] Ashley has referred to this defendant's last name as both "Aikens" and "Aiken." The Court will use "Aikens" as that is how Ashley initially referred to her, and is the last name reflected on the docket.

Ashley further alleges that Harbaugh was the Step III respondent for Grievance No. JCF/2016/04/0800/12F. **(ECF No. 1, PageID.24.)** Specifically, she denied this grievance stating, "[s]upplies are not issued based on inmate personal preference of style, brand, color, etc." (*Id*.). Harbaugh also denied the Step III appeal for yet a different grievance, Grievance No. JCF/2016/07/1466/12D3, stating "Step I and Step II appropriately addressed this grievance." **(ECF No. 1, PageID.30.)**

Ashley also alleges that Burt provided the Step II grievance response to two other grievances – Grievance No. MCF/2017/03/0190/17Z and MCF/2017/02/0159/03H. **(ECF No. 1, PageID.35.)** She also addressed a Step II appeal of another grievance – Grievance No. MCF/2017/11/081/28A – stating that that grievance, "raises issues that are duplicative of those raised in another grievance filed by grievant." **(ECF No. 1, PageID.37.)** Ashley also alleges that on March 21, 2017, he sent a letter to Burt outlining his several complaints, and asking for help. **(ECF. No. 1, PageID.34.)** Ashley further alleges that on October 27, 2017, Dr. Robert Bulten and Dr. Gilbert Padula of "Humanity for Prisoners" sent a memo to Burt stating the following:

> The current problem is that because of [Ashley's] height (6'8") and inseam of 40" the usual elastic waist band prison pants interfere with the drainage of his ostomy, causing leakage and worse, urinary tract infections which have resulted in the scarring of one of his ureters, comprising that kidney's function. In the last 9 months he has been treated for UTI 5 times. Apparently, the quartermaster has tried to cobble together pants by making them longer, but these fit so poorly that they, too, cause problems with the urine drainage system. The Health Care doctor has ordered the specified pants per the orders of the University of Michigan Urology department. Our request is that the University's and Dr. Decker's orders be complied with before further damage is done to Carl's urinary system.

**(ECF No. 1, PageID.37-38.)**

Lastly, Ashley claims he sent a letter, dated December 20, 2017, to Burt stating, "[y]ou and your staff have been dealing with this issue since February 2017." **(ECF No. 1, PageID.38-39.)**

3

You know this refusal to provide these pants is compromising my kidney function. Each day of delay shortens my life span because of the infections caused by the delay." (*Id*.). Ashley appears to contend that Burt did not respond to this letter.

On March 14, 2019, the Court *sua sponte* dismissed Ashley's claims against defendants Aikens, Harbaugh and Burt, explaining:

> Plaintiff fails to state a plausible claim against Defendants Aikens and Harbaugh because their alleged liability is based only upon their responses to grievances filed by Plaintiff. Plaintiff alleges no specific involvement of Defendants Aikens and Harbaugh in the alleged unconstitutional conduct. "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003), because "there is no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker*, 23 Fed. App'x 405, 407 (6th Cir. 2001), (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). Moreover, state law does not create any liberty interest in a grievance procedure. *Id.* Failure to investigate or respond to grievances does not establish a § 1983 violation. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Accordingly, Plaintiff's claims against Defendants Aikens and Harbaugh fail.
>
> Plaintiff also fails to state a plausible claim against Defendant Burt. He alleges that, on March 21, 2017, he sent a letter to her in her capacity as warden detailing the difficulty he was having obtaining belt-loop pants. It appears that Defendant Burt did not respond to the letter. Plaintiff's claim in this regard against Defendant Burt is based upon her supervisory authority and/or her failure to act.
>
> The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Plaintiff fails to allege that Defendant Burt engaged in any "'active unconstitutional behavior'" rather than a "'mere failure to act.'" *Shehee*, 199 F.3d at 200 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d

4

199, 206 (6th Cir. 1998)). Plaintiff also challenges Defendant Burt's response to his grievances. As discussed above, this does not state a claim upon which relief may be granted. Plaintiff fails to state a viable claim against Defendant Burt.

**(ECF No. 6, PageID.189-90.)**

Ashley now asks the Court to reconsider these determinations, arguing that his allegations about their conduct suffice to state claims for deliberate indifference under the Eighth Amendment. **(ECF No. 10.)**

### b. Legal Framework

The Local Rules for the Eastern District of Michigan state that in a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A palpable defect is "an indisputable mistake that, if corrected, would result in a different outcome." *See H & H Wholesale Svcs. Inc. v. Kamsta Intn'l*, No. 17-cv-13422, 2019 WL 2183127 (E.D. Mich. May 21, 2019). For the reasons discussed below, Ashley has failed to demonstrate a palpable defect in the Court's decision to dismiss his claims against defendants Aikens, Harbaugh and Burt.

### c. Analysis

#### i. *Defendants Aikens and Harbaugh*

Ashley's argument as to defendants Aikens and Harbaugh fails because it relies on law of a different circuit that is contrary to the Sixth Circuit law that this Court must follow. Specifically, Ashley cites two cases out of the Ninth Circuit for the proposition that a prisoner "may be able to prove the elements for a claim under the Eighth Amendment for deliberate indifference to his serious medical needs against those medical personnel who were involved in reviewing his inmate

5

appeals if they had both medical training and the authority to intercede and/or take corrective action." *See Pelacos v. Mays*, No. 16-cv-01163, 2017 WL 1881464, at *7 (E.D. Cal. May 9, 2017); *see also Pogue v. Igbinosa*, No. 07-cv-01577, 2012 WL 603230, at *9 (E.D. Cal., Feb. 23, 2012) ("The emerging consensus [in the Ninth Circuit], therefore, is that a medically-trained official who reviews and denies an appeal is liable under the Eighth Amendment when a plaintiff can show that the official knew, at least in part, from reading the appeal that the plaintiff had a serious medical issue and nevertheless chose not to offer treatment.").

This Court, however, is bound to follow Sixth Circuit precedent, *Calloway v. Caraco Pharm. Labs., Ltd.*, No. CV 11-15465, 2013 WL 12334237, at *2 (E.D. Mich. Sept. 5, 2013), and the Sixth Circuit has not adopted the Ninth Circuit's reasoning on which Ashley relies. *See Alder v. Correctional Medical Svcs.*, 73 F. App'x 839, 841 (6th Cir. 2003). On the contrary, as Judge Goldsmith explained in the challenged order, in the Sixth Circuit, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." **(ECF No. 6, PageID.189.)**. *See Alder, supra*; *Belt v. Northeast Regional Health Svcs. Administrator*, No. 18-cv-095, 2019 WL 1903399, at *7 (E.D. Ky. April 29, 2019) ("[T]o the extent that [the prisoner's] claims are based on allegedly inadequate responses to [his] grievances regarding his medical care, merely responding to a grievance is not a basis to impose liability."); *Moore v. Smith*, No. 13-cv-881, 2017 WL 1217786, at*3 (W.D. Mich. March 3, 2017) ("A prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983.").

Ashley's only allegations regarding both Aikens and Harbaugh are that they denied various grievances and appeals. **(ECF No. 1, PageID.19, 23-24, 30.)** In the Sixth Circuit, this is simply insufficient to hold either Aikens or Harbaugh liable under § 1983. Therefore, the Court's decision to dismiss Ashley's claims against defendants Aikens and Harbaugh is not the product of a

palpable defect.

### ii. *Defendant Burt*

Likewise, Ashley has not identified palpable defect in the Court's decision to dismiss his claims against defendant Burt. The sum total of Ashley's allegations against Burt include that: 1) she denied grievances and appeals; 2) she did not act, or otherwise respond, to a letter from him regarding his complaints; and 3) she did not act on a memo from "Humanity for Prisoners" that she may or may not have received. **(ECF No. 1, Page ID.34, 37-39; ECF No. 10, PageID.202.)**

First, for the same reasons as stated above, *supra* at 5-6, Ashley's claims against Burt related to her denial of his grievances and appeals was not the product of a palpable defect. (ECF No. 1 at PageID.37). Second, the Court did not err in finding that Ashley's other allegations fail to state a deliberate indifference claim against Burt because Ashley failed to allege that Burt engaged in any "active unconstitutional behavior" rather than a "mere failure to act." For example, after providing a lengthy factual background about his complaints against *the other prison officials* who Ashley contends failed to properly treat his medical needs, he alleges, "[o]n March 21, 2017, [he] sent a letter to Defendant Burt *stating the above*" and asking for help. **(ECF No. 1, PageID.34.)** Similarly, Ashley alleges that on December 20, 2017, "[he] sent a letter to Defendant Burt" *in her capacity as the prison's warden*, explaining that "[he] refused [the] scrub/sweat pant style pants" that had been ordered for him by the other officials to address his medical needs "because scrubs were not allowed per policy (escape paraphernalia) and drawstrings, per policy, were dangerous contraband . . ." and that "[y]ou know this refusal to provide [his preferred] pants is compromising my kidney function." **(*Id.* at PageID.38-39.)** Apparently, Ashley contends that Burt did not adequately respond to these letters or to the "Humanity for Prisoners" memo detailed above.

7

These averments do not allege that Burt was involved in or encouraged a specific incident of deliberate indifference to his serious medical needs and/or implicitly "authorized, approved or knowingly acquiesced in the unconstitutional conduct" of one of her subordinates who were providing Ashley's care. *See Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, they essentially allege that Burt "*actively participated* in the alleged unconstitutional behavior at issue by *failing to act*" when Ashley advised her of her subordinates' conduct. *Yowell v. Booker*, No. 13-10029, 2016 WL 4750085, at *3 (E.D. Mich. Sept. 13, 2016) (emphasis in original). But "one cannot actively participate in conduct by failing to act." *Id.*

Because Ashley does not allege "active unconstitutional behavior" by Burt, but rather a "mere failure to act," the Court did not commit a palpable error in dismissing Ashley's claim against her. *Shehee*, 199 F.3d at 200.

### III. CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Ashley's motion for reconsideration **(ECF No. 10)** be **DENIED.**

Dated: October 1, 2019  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
 United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005).  Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2019.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
