UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL LEE ASHLEY,

        Plaintiff,                                  Case Number: 19-10484
                                                        Honorable Mark A. Goldsmith

v.

MARY BOAYUE, et al.,

        Defendants.
_____/

**OPINION & ORDER
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DATED OCTOBER 1, 2019 (Dkt. 31); OVERRULING
PLAINTIFF'S OBJECTIONS (Dkt. 32); AND DENYING PLAINTIFF'S MOTION
FOR RECONSIDERATION (Dkt. 10)**

This is a <u>pro se</u> prisoner civil rights case. Plaintiff Carl Lee Ashley is incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. He asserts claims under 42 U.S.C. § 1983. He named eleven employees of the Michigan Department of Corrections ("MDOC") as defendants, alleging that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, that they retaliated against him for the exercise of his First Amendment rights, and that their actions violated State law. Under the screening authority of 28 U.S.C. § 1915(e)(2)(B), the Court found that Ashley failed to state a claim against Defendants Subrina Aikens, Robyn Harbaugh, and the warden, Sherry Burt, and dismissed them from this action. Ashley filed a motion to reconsider (Dkt. 10). The matter was referred to Magistrate Judge David R. Grand for all pretrial matters, including the motion for reconsideration (Dkt. 25). On October 1, 2019, the magistrate

1

judge issued a Report and Recommendation ("R&R") recommending that Ashley's motion for reconsideration be denied (Dkt. 31). Ashley subsequently filed objections to the R&R (Dkt. 32). Ashley did not object to the dismissal of Aikens and Harbaugh, but he did object to dismissal of Burt. For the reasons discussed below, Ashely's objections are overruled, and the magistrate judge's R&R is adopted.

## I. BACKGROUND

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In relevant part, Ashley has bladder cancer and underwent surgery for the removal of his bladder and prostate. In addition to wound care, Ashley was provided with medical supplies to care for his urostomy with ileal conduit. His nurse suggested that he wear belt-looped pants to allow him to situate his urine pouch inside his pants properly to prevent blockage. Ashley alleges that he was not provided with the proper medical supplies and was not provided with belt-looped pants. He says that his medical conditions have worsened due to this improper medical treatment.

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200

F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")).

Motions for reconsideration may be granted under Eastern District of Michigan Local Rule 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect "which is obvious, clear, unmistakable, manifest, or plain." Mich. Dep't of Treasury v. Michalec, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

### III. ANALYSIS

Ashley's one overarching objection to the R&R is that the magistrate judge erred by finding that Ashley failed to state a claim against Burt. Ashely argues that Burt is individually liable because she "is in charge of all facility operations." Objs. at 1. And Ashley says that she was aware of his alleged mistreatment because Burt denied Ashley's grievances and appeals, did not respond to his letter, and may or have received a memorandum from Humanity for Prisoners. Id. The Court and the magistrate judge both found these allegations insufficient to state a claim for relief because Ashley failed to allege that Burt engaged in any "active unconstitutional behavior" rather than a "mere failure to act." 3/14/2019 Order of Partial Dismissal at 5 (Dkt. 6) (quoting Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)); R&R at 8. Because Ashley has merely presented the same issues already ruled upon by the Court and the magistrate judge, the issues will not be

3

addressed a third time. E.D. Mich. LR 7.1(h)(3) ("Generally, . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court.").

However, Ashley raises an issue not previously addressed. Ashely alleges that he spoke directly with Burt on November 8, 2017, about his difficulty getting belt-looped pants, to which she said, "we're working on it." Objs. at 3; Compl. ¶ 156. Ashely argues that Burt is liable in this section 1983 action because she knew about his problems obtaining belt-looped pants and abandoned one of her job functions (i.e. following an MDOC policy to provide appropriately sized clothes within a specified time), which resulted in his injuries. Obj. at 4. Ashley relies on Hill v. Marshall, 962 F.2d 1209 (6th Cir. 1992) to support his argument. Hill is distinguishable.

In Hill, the defendant, the Deputy Superintendent of Treatment at an Ohio correctional facility, had actual knowledge of the plaintiff's complaints that he was not receiving his medication and referred the inmate to a head nurse whom the defendant knew would alter and destroy the inmates' prescriptions. Hill, 962 F.2d at 1213. Under those circumstances, the Sixth Circuit held that the Hill defendant could be held liable for failure to do his job. Id.

Here, by contrast, even though Ashley alleged that Burt knew about his difficulty obtaining belt-looped pants, Ashley has not alleged that Burt took some affirmative action to prevent or delay Ashely from receiving properly sized belt-looped pants. Ashley's allegations still amount to no more than an attempt to hold Burt liable under a theory of respondeat superior. Ashley argues that because Burt was "in charge of all aspects of the

facility," including following the MDOC policies, and the policies were not followed by her subordinates, she should be held liable. Obj. at 5. These allegations, as explained in the R&R, fail to state a claim for relief in a section 1983 action.

## IV. CONCLUSION

For the reasons stated above, Ashely's objections to the R&R (Dkt. 32) are overruled. The magistrate judge's R&R (Dkt. 31) is adopted, and Ashley's motion for reconsideration (Dkt. 10) is denied.

SO ORDERED.

Dated: January 15, 2020             s/Mark A. Goldsmith  
   Detroit, Michigan             MARK A. GOLDSMITH  
                                                 United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2020.

                                                     s/Karri Sandusky  
                                                     Case Manager