UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL LEE ASHLEY,

        Plaintiff,

v.

MARY BOAYUE, et al.,

        Defendants.

                                   /

Case Number: 19-10484
Honorable Mark A. Goldsmith

**OPINION & ORDER
(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION DATED FEBRUARY 18, 2020 (Dkt. 48);
(2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 49); (3) GRANTING IN
PART DEFENDANTS BREWER AND SPAULDING'S MOTION FOR PARTIAL
JUDGMENT (Dkt. 35); AND (4) DENYING DEFENDANTS BRAZEE AND
ARENDS'S MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 39)**

Plaintiff Carl Lee Ashley filed this pro se prisoner civil rights case against numerous Michigan Department of Corrections ("MDOC") employees at Muskegon Correctional Facility ("MCF") in Muskegon, Michigan. He alleges, among other things, that the MDOC Defendants were deliberately indifferent to his serious medical needs. The matter was referred to Magistrate Judge David R. Grand for all pretrial matters (Dkt. 25). Defendants Shawn Brewer and Donald Spaulding subsequently filed a motion for partial summary judgment alleging that Ashley failed to exhaust his administrative remedies (Dkt. 35). Defendants David Brazee and Mary Arends also filed a motion for partial summary judgment on the same grounds (Dkt. 39). Magistrate Judge Grand issued a Report and Recommendation ("R&R") recommending that the Court grant in part and deny in part

Brewer and Spaulding's motion, and deny Brazee and Arends's motion (Dkt. 48). Ashley filed objections to the R&R (Dkt. 49). No response and no other objections were filed.[1] For the reasons discussed below, the Court overrules Ashley's objections and accepts the recommendation contained in the magistrate judge's R&R.[2]

## I. BACKGROUND

The factual and procedural background has been adequately set forth by the magistrate judge and need not be repeated here in full. In relevant part, Ashley has bladder cancer and underwent surgery for the removal of his bladder and prostate. In addition to wound care, Ashley was provided with medical supplies to care for his urostomy with ileal conduit. His nurse suggested that he wear belt-looped pants to allow him to situate his urine pouch inside his pants properly to prevent blockage. Ashley alleges that he was not provided with the proper medical supplies and was not provided with belt-looped pants. He says that his medical conditions have worsened due to this improper medical treatment.

---

[1] The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 108 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. See Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error with respect to the portions of the R&R to which no party has objected, and accepts the recommendation.

[2] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

2

Ashley filed a number of grievances complaining about the inadequate medical care he was receiving. The magistrate judge recommends granting summary judgment to Brewer, the Warden at MCF, because Brewer was not the focus of Ashley's grievances. In the relevant grievance, JCF-16-05-809-12I ("Grievance 809"), Ashley stated the following:

> Prior to and after I had a Cystectomy/Urostomy, the Wound/Ostomy Services at the University of Michigan said State-Issued elastic waistband pants would cause bleeding and damage to the Stoma, and would reduce wear time of Skin Barriers. They recommended/ordered the issuance of belt-loop pants so the waist-line could be adjusted. Based on this recommendation from Specialists, and the medical judgment of PA Boayue, a Special Accommodation Notice was issued for "extra length pants with belt loops and belt." Those reasons have not changed. In the past eight weeks there has been bleeding and irritation of the Stoma, and small holes ripped into the Urostomy bags by the roughness of the elastic waistband pants. On 4/27/2016, PA Boayue rescinded the SAN because she was told that belt-loop pants present a threat to institutional order and security. There are hundreds at JCF, and thousands across the State, that have belt-loop pants. They certainly are not a threat. "A currently valid . . . Special Accommodation Notice <u>shall</u> <u>not</u> <u>be</u> <u>cancelled</u> <u>without</u> . . . <u>examination of the prisoner</u>." ("Medical Details and Special Accommodation Notices," PD 04.06.160, Sec. K.). The PA did no examination. If the Warden believes that institutional safety would be compromised by medically ordered belt-loop pants, then the PA "shall seek alternative options to meet the medical need which would not compromise institutional safety or security." PD 04.06.160, Sec.L.). The PA has violated MDOC Policy. Her refusal to do an examination and explore other options is an act of deliberate indifference to my serious medical needs.

Grievance 809, Ex. B to Mot. for Partial Summ. J., at PageID.426 (Dkt. 35-3) (emphasis in original). Ashley objects to the magistrate judge's recommendation that summary judgment be granted to Brewer.

3

## II. STANDARD OF DECISION

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). Any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived.")).

## III. ANALYSIS

Ashley argues that the magistrate judge erred by failing to find that Ashley had exhausted his claims against Brewer for two reasons. First, he argues that he properly named Warden Brewer in his grievances. Second, he argues that the Sixth Circuit does not impose strict technical requirements on prisoners who comply with the spirit of the exhaustion rules. Ashley's objections will be taken in turn.

### A. Objection One

In his first objection, although not entirely clear, it appears that Ashley is arguing that the magistrate judge erred by finding that Ashley had failed to name Brewer in Grievance 809. Obj. at 4. Under the Prison Litigation Reform Act ("PLRA"), inmates are prohibited from bringing § 1983 actions until they have properly exhausted their administrative remedies. 42 U.S.C. §1997e(a). "[I]t is the prison's requirements, and not

4

the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007). Failure to name each defendant in a grievance is not necessarily fatal to proper exhaustion. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim." Id. Under MDOC grievance policy, inmates who file grievances are required to identify, among other things, the "names of all those involved in the issue being grieved . . . ." MDOC Policy Directive 03.02.130, Ex. A to Mot. for Summ. J., ¶ R (Dkt. 35-2).

Ashley's first objection is misguided. The magistrate judge noted the specificity requirements of the MDOC policy, and that Ashley named "the Warden" rather than Brewer, but he did not make his recommenation on that basis. R&R at 11-12. The magistrate judge assumed for the sake of argument that Ashley was referring to Brewer in his grievance when he referred to "the Warden." See id. ("Even assuming that reference pertained to Brewer, the Grievance simply did not grieve any decision or action of 'the Warden.'").

Ashley's first objection is overruled, because his failure to name Brewer in Grievance 809 played no role in the magistrate judge's analysis.

### B. Objection Two

In his second objection, Ashley argues that he complied with the spirit of the exhaustion requirements. Obj. at 5. The magistrate judge found that the sole issue being grieved through Grievance 809 was against PA Boayue. R&R at 11-12. Because Ashley did not grieve any of Brewer's actions, the magistrate judge found that Ashley had not exhausted any claims against Brewer. Id. The magistrate judge is correct.

5

Ashley argues that the Sixth Circuit does not impose severe technical requirements on inmates. Obj. at 5 (citing Bell v. Konteh, 450 F.3d 651, 654 (6th Cir. 2006)). In Bell, the Sixth Circuit noted that while a prisoner must allege some mistreatment or misconduct on the part of a defendant in a grievance, the standard is not particularly strict. Bell, 450 F.3d at 654. "In applying this standard, a grievance must be measured against the claim brought in the prisoner's subsequent suit." Id. A prisoner's grievance must give "prison officials fair notice of the alleged mistreatment or misconduct that forms the basis" of the claim made against a defendant in a prisoner's complaint. Id. (internal marks and citations omitted).

Ashley did not give fair notice to Brewer of his claims against him. In Grievance 809, Ashley noted that PA Boayue rescinded the Special Accommodation Notice because she was informed that belt-looped pants present a threat to institutional order and safety. Ashley's grievance says the following:

> If the Warden believes that institutional safety would be compromised by medically ordered belt-loop pants, then the PA "shall seek alternative options to meet the medical need which would not compromise institutional safety or security." [quoting MDOC Policy Directive 04.06.160 ¶ L]. The PA has violated MDOC Policy. Her refusal to do an examination and explore other options is an act of deliberate indifference to my serious medical needs.

Grievance 809 at PageID.426 (emphasis added). Brewer is mentioned in the Grievance 809, but the clear focus of the grievance is on PA Boayue's failure to seek alternative options to meet Ashley's medical needs. Therefore, Ashley did not give fair notice to Brewer that he was also the subject of the grievance before filing claims against him in this case.

Ashley also argues that where prison officials address the merits of a prisoner's grievance without asking for further clarification of vague or imprecise information, the prisoner's claims cannot be dismissed because of procedural defects later identified in the grievance process. Obj. at 7-8 (citing Reed-Bey v. Pramstaller, 603 F.3d 322 (6th Cir. 2010)). In Reed-Bey, a prisoner filed a grievance that failed to specifically identify any individual, even though an MDOC procedural rule required the inmate to do so. 603 F.3d at 326. Rather than deny the grievance on procedural grounds, the MDOC facility resolved the grievance on the merits. The Sixth Circuit found that the prisoner had properly exhausted his administrative remedies, explaining that "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." Id. at 325.

Reed-Bey does not help Ashley, because the target of Grievance 809 is clear. Ashley grieved PA Boayue's failure to find a suitable alternative to belt-looped pants after Brewer informed her that belt-looped pants were a security and safety concern. Ashley's failure to identify Brewer by name is not an issue. The issue is that Grievance 809 cannot be read to include wrongdoing by Brewer. As the magistrate judge explained, Ashley's grievance was aimed solely at Boayue. Therefore, Ashely's second objection is also overruled.

IV. CONCLUSION

For the reasons stated above, Ashely's objections to the R&R (Dkt. 49) are overruled. The magistrate judge's R&R (Dkt. 48) is adopted. Brewer and Spaulding's motion for partial summary judgment (Dkt. 35) is granted with respect to Brewer and

7

denied as to Spaulding. Brazee and Arends's motion for partial summary judgment (Dkt. 39) is denied.

SO ORDERED.

Dated: July 27, 2020                       s/Mark A. Goldsmith
     Detroit, Michigan             MARK A. GOLDSMITH
                                               United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2020.

                                                s/Karri Sandusky
                                                Case Manager