UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL LEE ASHLEY #136985,

    Plaintiff,

v.

MARY BOAYUE, ET. AL.,

    Defendants.
_____/

Civil Action No. 19-10484
Honorable Mark A. Goldsmith
Magistrate Judge David R. Grand

### REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION (ECF No. 62)

This is a civil rights action commenced on February 15, 2019, pursuant to 18 U.S.C. § 1983 by plaintiff Carl Lee Ashley ("Ashley") against various Michigan Department of Corrections officials ("Defendants"). In short, Ashley alleges in his complaint that between February 2016 and January 2018, when he was housed at the G. Robert Cotton Correctional Facility ("CCF") and the Muskegon Correctional Facility ("MCF"), the Defendants failed to provide him with necessary medical supplies, in violation of his rights under the Eighth Amendment to the United States Constitution. Presently before the Court is a Motion for Temporary Restraining Order and/or Preliminary Injunction that Ashley filed on January 25, 2021. (ECF No. 62.) However, Ashley's instant motion concerns conduct by officials not named in his complaint, and which is alleged to have taken place at the MDOC's Lakeland Correctional Facility ("LCF"), where Ashley was transferred on October 23, 2020.

On May 26, 2021, the Court held oral argument on Ashley's motion. Although Ashley's motion contains allegations that are concerning to the Court, for the reasons explained in detail on the record and below, Ashley failed to satisfy the high burden for obtaining the relief he seeks.

Accordingly, Ashley's motion should be denied.

I.     **Factual Background**

Ashley is an MDOC prisoner in his late 60s.  In May 2015, while housed at CCF, Ashley was diagnosed with bladder cancer .  In January 2016, Ashley underwent a cystoprostatectomy, a procedure in which his prostate and bladder were removed.  This procedure required a urostomy, with an ileal conduit, draining into a two-part pouching system.  The procedure was performed at the University of Michigan Hospital.  The instant case concerns Ashley's treatment and alleged improper medical care and denial of treatment after he was returned to the CCF, and then after he was transferred from there to the MCF.

In his complaint, Ashley alleges that the Defendants violated his Eighth Amendment to be free of cruel and unusual punishment by improperly denying him treatment for various urological issues, stemming from the urostomy.  He also alleges that the Defendants violated his First Amendment rights by denying him the ability to file administrative grievances and by retaliating against him for filing a grievance.  Finally, Ashley alleges that the Defendants' behavior violated both state law and MDOC policy and procedure.  The conduct that Ashley complained about in his complaint all allegedly took place between February 2016 and January 2018.  (ECF No. 1, PageID.1-39.)

On October 23, 2020, Ashley was transferred from MCF to LCF. (ECF No. 62, PageID.574.)  On January 25, 2021, Ashley filed his instant Motion for Temporary Restraining Order and/or for Preliminary Injunction in which he alleges that since being transferred to LCF, he has been denied several medical supplies that he used routinely while at MCF.  Specifically, he alleges that he is no longer being provided Hollister Odor Elimination Drops ("Hollister Drops"), Hollister Stomahedsive Protective Powder ("Stoma Powder"), or Hygea Personal Cleaning Cloths

("Hygea Cloths"). Ashley blames physician assistant Margaret Ouellette, nurse practitioner E Cole Hill, and Chief Medical Officer Jeffery Stieve, each of whom works at LCF, and none of whom are parties to the instant action. In his reply brief, Ashley alleges that, since the filing of the instant motion, he has been diagnosed with "Stage III Kidney Disease." (ECF No. 67 PageID.623).

At the oral argument, additional relevant facts were introduced. First, Ashley indicated that he was being provided the Stoma Powder (as well the D-Mannose tabs that he indicated in his motion had been recommended for him). Additionally, although he is still not being provided with the Hygea Cloths and Hollister Drops, Ashley indicated that he is being provided with towels, and that between the towels and the ability to shower with soap and water, he has been able to keep the areas in question clean and infection free.

## II. Legal Standards

Generally, when deciding a motion for preliminary injunctive relief, the Court balances the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (internal citations omitted).

The purpose of injunctive relief is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and ***the conduct*** asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (emphasis added) (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994)).

### III. Analysis

While Ashley's instant motion relates to issues of the general type raised in his original complaint, his complaint challenged specific conduct of the particular Defendants named therein. In his instant motion, however, Ashley does not contend that those persons are continuing to violate his rights or cause him harm. Indeed, implicit in Ashley's instant motion is that after he was transferred to MCF, he was provided with the supplies he now claims he is being denied at LCF. Ashley's present contention is that individuals other than the Defendants, at a different facility (LCF), almost three years after the conduct complained of in his original complaint, are violating his rights. Ashley does not contend that the individuals at LCF are being directed by the Defendants. Nor does he allege any sort of conspiracy between them and the Defendants. There is thus no relationship between the injury Ashley claims in his instant motion and *the conduct* asserted in the complaint. Under these circumstances, it is not appropriate for the Court to issue an injunction against the non-parties against whom Ashley's instant motion is directed. *See, e.g.*, *Cummings v. Klee*, No. 14-10957, 2018 WL 4854097, at *2 (E.D. Mich. Apr. 25, 2018), report and recommendation adopted, No. 14-10957, 2018 WL 2693985 (E.D. Mich. June 5, 2018) (denying injunction where "plaintiff's claims against non-parties took place after the conduct giving rise to the complaint and at a different facility."); Fed. R. Civ. P. 65(d)(2).

An analysis of the preliminary injunction factors also mitigates in favor of denying Ashley's motion. First, Ashley has not shown a strong likelihood of success on the merits. While denying a medical supply that had previously been ordered for an inmate can potentially support a deliberate indifference claims, *see Darrah v. Krisher*, 865 F.3d 361 (6th Cir. 2017), prescribing a certain medical supply does not automatically mean it could never be appropriate for future medical personnel to reach a different conclusion about the inmate's needs. Here, it was proffered

that the decisions about Ashley's medical supply needs were made after evaluating his present needs, and Ashley did not argue or show otherwise. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982).

Second, while Ashley's medical needs are serious, he has not shown he is likely to suffer irreparable injury absent an injunction. The sole medical record that Ashley provided with his motion – a medical exam conducted in December 2020 – stated that Ashley's urinalysis was "negative for blood or infection," his stoma was "healthy," and that his symptoms do not "correlate with to a pathological urinary tract infection." (ECF No. 62, PageID.582.) The record further stated that Ashley's back pain was of musculoskeletal origin (the exact notation in the exam notes was "MSK in nature"). (*Id.*). While Ashley alleges that he has since developed serious kidney disease, he appended no medical records to that effect. Moreover, Ashley admitted at the hearing that he is already receiving the Stoma Powder and D-Mannose tabs he desires (and which was recommended in the one medical record Ashley supplied). (*Id.*) And, while Ashley would prefer the Hygea Cloths and Hollister Drops, and the ability to clean and change his urostomy device in private, he admitted that he has been able to remain clean and infection free by showering with soap and water and using the towels he is being provided.

Finally, the law is clear that courts must generally be deferential to the decisions of those charged with operating prisons, which "is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted). *See also Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (courts must give great deference to jail administrators as to prison operations to avoid becoming "enmeshed in the minutiae of prison operations."); *Kendrick v. Bland*, 740 F.2d 432, 438 & n.3

(6th Cir. 1984). Violating this principle by overruling the decisions made by the non-party medical providers would therefore harm others and not serve the public interest.[1]

Accordingly, Ashley has not met his burden for obtaining the injunctive relief he seeks.

IV. **Conclusion**

For all of the reasons stated on the record and above, **IT IS RECOMMENDED** that Ashley's Motion for Temporary Restraining Order and/or Preliminary Injunction **(ECF No. 62)** be **DENIED**.

Dated: May 27, 2021　　　　　　　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir.

---

[1] At the same time, the Court reiterates its suggestion that Ashley and those charged with his medical care work together regarding these issues and the one Ashley raised at the hearing regarding the provisioning of urostomy bags. A little bit of proactive attention may go a long way towards avoiding future litigation.

2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2021.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager
